IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAKIA ROUISE | 1:12-cv-01902-AWI-BAM (PC) |
|     Plaintiff, | ORDER DISMISSING ACTION FOR FAILURE TO OBEY A COURT ORDER |
| vs. | (ECF No. 4) |
| R. HERNANDEZ, et al | |
|     Defendants. | |

    On November 21, 2012, the court issued an order requiring Plaintiff Nakia Rouise ("Plaintiff") to submit an application to proceed in forma pauperis on the correct form or pay the filing fee within forty-five (45) days. The forty-five day period has expired and Plaintiff has not responded to the court's order. Additionally, a second order regarding consent, and providing for a response within 30 days, was sent on January 7, 2013. See Doc. No. 5. Plaintiff did not respond to that order either.

    Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an

order requiring amendment of complaint); <u>Carey v. King</u>, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); <u>Malone v. U.S. Postal Service</u>, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  <u>Thompson</u>, 782 F.2d at 831; <u>Henderson</u>, 779 F.2d at 1423-24; <u>Malone</u>, 833 F.2d at 130; <u>Ferdik</u>, 963 F.2d at 1260-61; <u>Ghazali</u>, 46 F.3d at 53.

Here, the Court finds that dismissal is warranted:  the public's interest in expeditious resolution favors dismissal, the Court has a heavily impacted docket, Plaintiff has not responded to either the November 21 or January 7 orders and does not appear to be diligently prosecuting this matter, and less drastic alternatives were considered when plaintiff was expressly warned that the failure to comply with the November 21 order would result in dismissal.  <u>See</u> <u>Ghazali</u>, 46 F.3d at 53; <u>Thompson</u>, 782 F.2d at 831; <u>Henderson</u>, 779 F.2d at 1423-24; <u>Malone</u>, 833 F.2d at 130; <u>Ferdik</u>, 963 F.2d at 1260-62; <u>Anderson v. Air West</u>, 542 F.2d 522, 524 (9th Cir. 1976).

Accordingly, the court HEREBY ORDERS that this action be dismissed based on Plaintiff's failure to obey the court's order of November 21, 2012.

IT IS SO ORDERED.

Dated:   February 25, 2013

SENIOR DISTRICT JUDGE